UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-81276-KAM

ROBERT C. FURR, Chapter 7 Trustee for the
Bankruptcy Estate of Rollaguard Security, LLC et al.,

Appellant,

v.

TD BANK, N.A, JPMORGAN CHASE BANK, N.A.,
and PNC BANK, N.A.,

Appellees.
_____/

## **OPINION AND ORDER**

This cause is before the Court on the appeal by Robert C. Furr, the Chapter 7 Trustee, ("Appellant" "Trustee") of the bankruptcy court's (1) Consolidated Order Granting Motions to Dismiss, dated July 27, 2017; (2) Final Judgment dated July 28, 2017; (3) Order Denying in Part Omnibus Motion of Plaintiff and Setting Hearing Thereon, dated August 28, 2017 and (4) Order Denying Motion to Reconsider Order Dismissing Adversary Proceedings, dated November 8, 2017. The Court has carefully considered the appeal, the briefs of the parties, the entire record on appeal, and is otherwise fully advised in the premises.

I. Background

The facts, based upon Appellant and Appellee's statement of facts in their appellate briefs and the appellate record, are as follows:

On December 26, 2106, the Trustee sued Defendants TD Bank, N.A., JPMorgan Chase Bank, N.A., and PNC Bank, N.A. (collectively, "Appellees" "Defendants"), alleging that they

knowingly facilitated fraud by the Debtors by allowing the Debtors to engage in fraudulent banking activity.[1] The complaints [2] alleged five claims: (i) Counts 1 and 2 sought to recover fraudulent transfers under the Bankruptcy Code and Florida law; (ii) Counts 3 and 4 asserted claims for aiding and abetting conversion and (iii) Count 5 asserted a claim for negligence and wire transfer liability.

On July 27, 2017, the bankruptcy court entered its consolidated order granting the motion to dismiss. (July 27, 2017 Order, DE 1.) The bankruptcy court ruled that no fraudulent transfers occurred because there is no avoidable transfer when a debtor deposits its own funds to its own restricted bank accounts. Additionally, the bankruptcy court ruled that the "mere conduit" defense barred the fraudulent transfer claims.[3] The bankruptcy court also dismissed the aiding and abetting claims for failure to raise a "plausible inference" that any of the Defendants knew about Simpson's conversion or that Defendants rendered substantial assistance to Simpson. Lastly, the bankruptcy court dismissed the negligence claim because Defendants did not owe any duty of care to investigate or monitor transactions in the account. The bankruptcy court entered final judgment on July 28, 2017. (Id.)

On August 10, 2017, the Trustee filed a motion for reconsideration under Rule 59(e) and Rule 60(b)(6) or for leave to file amended complaints. The bankruptcy court addressed this

---

[1] The complaints allege that Anthony Simpson ("Simpson") perpetuated a fraudulent scheme through his control over three entities which comprise the Debtors in the bankruptcy case.

[2] There were three complaints because there were three adversary proceedings brought against each bank. This Court consolidated the three cases on appeal. (DE 15.)

[3] The dismissal order also identified other pleading deficiencies with respect to the fraudulent transfer claims.

motion in an omnibus order dated August 29, 2017. (August 29, 2017 Order, DE 1.) Central to this appeal, the bankruptcy court rejected the Trustee's request to file amended complaints, which the Trustee argued incorporated recently obtained new evidence.[4] In doing so, the bankruptcy court rejected the Trustee's argument that Rule 15(a) of the Federal Rules of Civil Procedure provides the standard for both pre- and post-judgment motions to amend. As such, the bankruptcy court set a hearing to determine under Rule 59(e) or 60(b) whether the newly produced documents constituted "new evidence" under those rules. (Id.)

On November 7, 2017, the bankruptcy court conducted a hearing and, on November 8, 2017, denied the Trustee's omnibus motion to reconsider. (November 8, 2017 Order, DE 1.) The bankruptcy court then issued an oral ruling denying the motion to amend under Rule 59(e) or 60(b). (November 7, 2017 Tr., DE 34-30.) The bankruptcy court ruled that none of the documents filed by the Trustee constituted new evidence and that the Trustee was not diligent in obtaining the putative new evidence. Additionally, the bankruptcy court stated that, even if the documents could be considered newly discovered evidence, they would not cause the court to change its original ruling on the fraudulent transfer claims. With respect to the aiding and abetting claims, the bankruptcy court held that the new allegations were not materially different from the allegations in the original complaints.[5] Lastly, the bankruptcy court rejected the Trustee's request to add two claims, one for aiding and abetting breach of fiduciary duty and one

---

[4] The bankruptcy court also denied the Trustee's request to reconsider several legal issues.

[5] The bankruptcy court stated that even if Rule 15 applied, the proposed amendments to the negligence claim would be futile. The Trustee is not appealing that portion of the bankruptcy court's ruling.

3

focusing on overdrafts in the Debtor's account maintained by Defendants. The bankruptcy court stated that these claims are not based on newly discovered evidence and it was "procedurally improper to request adding such a claim in this context." (Id.)

The Trustee makes the following arguments in support of its appeal: (1) the bankruptcy court abused its discretion by applying an incorrect legal standard to deny the motion to amend without finding that any substantial reason warranted denying leave; (2) the bankruptcy court erred in dismissing the Trustee's fraudulent transfer claims with prejudice and denying leave to amend and (3) the bankruptcy court erred in dismissing the Trustee's aiding and abetting claims with prejudice and denying leave to amend.

Defendants respond with the following arguments: (1) the bankruptcy court properly granted Defendants' motions to dismiss because the complaints did not state claims for fraudulent transfer and aiding and abetting conversion; (2) the bankruptcy court applied the correct standard for evaluating a post-judgment motion for reconsideration; (3) the bankruptcy court did not abuse its discretion in denying the post-judgment motion for reconsideration because the proposed new evidence was not new; (4) even if Rule 15 applied to the motion for reconsideration, the Trustee unduly delayed in seeking leave to amend and (5) the proposed amendments were futile.

II. Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992).

The decision to alter or amend judgment is reviewed under an abuse of discretion

4

standard. Metlife Life & Annuity Co. of Connecticut v. Akpele, 886 F.3d 998, 1003 (11th Cir. 2018); Likewise, denial of leave to amend is reviewed for abuse of discretion. Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc., 376 F.3d 1065, 1077 (11th Cir. 2004).

III. Discussion

The Court begins its discussion by addressing whether the bankruptcy court applied the correct standard when it denied the Trustee's motion to amend made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. According to the Trustee, the bankruptcy court erred when it did not apply the Rule 15(a) standard, under which leave to amend shall be "freely" given. Fed. R. Civ. P. 15(a). In contrast, Defendants contend the bankruptcy court correctly held that the Rule 15(a) standard no longer applies after a judgment is entered, and the Trustee needed to meet the standard for relief from judgment under Rule 59(e). The Court concludes that the bankruptcy court erred by failing to apply the Rule 15(a) standard for leave to amend.

The Trustee correctly relies upon a line of cases from the Eleventh Circuit that applies the liberal Rule 15(a) standard when a plaintiff seeks to amend a complaint pursuant to Rule 59(e) after entry of judgment . See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc., 376 F.3d 1065, 1077 (11th Cir. 2004) ("In this circuit, '[the Foman standard] appl[ies] when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e).'" ); Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001) ("Rule 15(a)'s abuse of discretion standard applies when a plaintiff seeks to amend an unamended complaint after entry of judgment by moving to vacate a dismissal pursuant to Fed. R. Civ. P. 59(e)); Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (leave should be freely given "when a plaintiff seeks to amend

5

after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)."); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 n.1 (5th Cir. 1981)[6] ("the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a)."); see also Pioneer Metals, Inc. v. Univar USA, Inc., 168 F. App'x 335, 336 (11th Cir. 2006) ("These 'same standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e).'").

The bankruptcy court, however, did not rely on this precedent. Instead, the bankruptcy court relied on several cases, one of which was unpublished and all of which addressed this issue in footnotes. In Friedman v. Market Street Mortg. Corp., 520 F.3d 1289 (11th Cir. 2008), upon which the bankruptcy court relied, the court stated that Rule 15(a) does not apply after dismissal of a complaint and the entry of final judgment. Id. at 1293 n.4. The same statement was made in United States v. Atkins, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) and Madura v. Lakebridge Condo. Ass'n, 382 F. App'x 862, 866 n.5 (11th Cir. 2010), both also relied upon by the bankruptcy court. The Court interprets the footnotes in these three cases to mean that after dismissal of an action, the proper procedural course of action for a plaintiff seeking leave to amend is to move for relief under Rule 59(e) or 60(b), as opposed to under Rule 15(a). The statements were not intended to set forth the standard which the trial court is to apply in deciding

---

[6] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

whether to grant leave to amend. This is apparent from a careful review of footnote 22 in Atkins, which is the genesis of the statements relied upon by the bankruptcy court.

After making the statement that Rule 15(a) has no application once the district court has dismissed the complaint and entered judgment for the defendant, the court in Atkins stated that the plaintiff may seek leave to amend, citing footnote 1 from the Dussouy decision. Atkins, 470 F.3d at 1361, n. 22. That footnote from Dussouy, as indicated previously, specifically adopted the Rule 15(a) standard when a trial court is considering a motion for leave to amend under Rule 59(e). Dussouy, 660 F.2d at 597, n.1. Thus, this Court concludes that the Eleventh Circuit in Atkins did not adopt a Rule 59(e) standard of review in one sentence, and then specifically cite with approval a decision that applies the Rule 15(a) standard in the following sentence. Other courts have reached the same conclusion. See, e.g., Williams v. Maiben, No. 16-00253-KD-C, 2017 WL 471568, at *2 (S.D. Ala. Feb. 3, 2017)(Rule 15(a)'s lenient amendment standards still govern the Court's analysis post-judgment) (citing Dussouy, 660 F.2d at 597 n.1); Darrough v. Allen, No. 1:13-CV-57 WLS, 2014 WL 1340681, at *2 (M.D. Ga. Apr. 3, 2014) (citing Dussouy, 660 F.3d at 597 n.1 and Thomas, 847 F.2d at 773) ("While Rule 15 does not apply once the district court has dismissed the complaint and entered final judgment for the defendant," requiring a plaintiff, post-judgment, to seek leave to amend under Federal Civil Procedure Rule 59(e) or Rule 60(b) (6) . . ., Rule 15(a)'s lenient amendment standards would still govern the Court's analysis") (internal quotation marks and brackets omitted).

In arguing for affirmance of the bankruptcy court's ruling, Defendants primarily rely upon Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327 (11th Cir. 2010). The court in Jacobs, however, never discussed the proper standard to apply in deciding whether a motion to amend

7

should be granted under Rule 59(e).

Defendants also rely on Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002). In Wagner, the Eleventh Circuit reversed its prior position that a district court must automatically give a plaintiff one chance to amend when a plaintiff represented by counsel never filed a motion to amend or requested leave to amend. Id. at 542. According to Defendants, the Wagner case reflects the Eleventh Circuit's determination that, by requiring a district court to automatically give a plaintiff one chance to amend, it allows a plaintiff to "sit idly by as he await[s] the district court's determination with respect to a Rule 12(b)(6) motion to dismiss; he need not seek leave to amend his complaint nor amend it as of right, because he would have two bites at the apple on appeal." Id. at 543 (internal quotation marks omitted). Notably, in Wagner, the plaintiff moved for leave for the first time *on appeal*. Id. at 542. Here, the Trustee moved the trial court for leave to amend. See Brisson v. Ford Motor Co., 349 F. App'x 433, 435 (11th Cir. 2009) ("The Wagner rule would apply here if the district court had simply dismissed the complaint in this case without more, and the plaintiffs had not moved to amend. But that is not what happened.").

Additionally, Defendants claim Combee v. Shell Oil Co., 615 F.2d 698 (5th Cir. 1980) supports their position. Combee, however, did not involve a post-judgment motion to amend. Instead, the former Fifth Circuit held that it was an abuse of discretion for the district court to allow defendants to amend their answer to assert a new affirmative defense after the defense rested under Rule 15(b). Rule 15(b) permits amendments to pleadings even after judgment if the issues involved are tried by the express or implied consent of the parties. Id. at 701. Combee held that the trial court erred by allowing this amendment, which was neither expressly or

8

impliedly tried. Thus, this case fails to provide any insight into the standard for amendment that should be applied in a post-trial motion pursuant to Rule 59(e) or 60(b).

Lastly, even assuming all of the cases upon which Defendants rely were intended by the courts that decided them to hold that the Rule 15(a) standard does not apply when a motion for leave to amend is filed post-judgment under Rule 59(e), there is a conflict between published opinions in the Eleventh Circuit. Under such circumstances, the earliest published decision controls. See Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003) ("When faced with an intra-circuit split we must apply the 'earliest case' rule, meaning 'when circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel.'").

Based on the foregoing the Court concludes that the bankruptcy court abused its discretion in failing to apply the liberal Foman standard for the amendment of pleadings. Thus, the Court shall remand the case to allow the bankruptcy court to apply the appropriate standard to the Trustee's Rule 59(e) motion. See Pioneer Metals, Inc. v. Univar USA, Inc., 168 F. App'x 335, 337 (11th Cir. 2006) (finding that when the trial court "failed to apply the standards set forth in Foman for denying a request for leave to amend a complaint," [the appellate court] "must vacate the district court's order and remand for the district court to explicitly apply the correct standard in reviewing [the] request.")

In doing so, the Court rejects Defendants' request to find that, even if Rule 15 applied to the motion for reconsideration, the Trustee unduly delayed in seeking leave to amend. This issue was not addressed by the bankruptcy court and the Court will not consider an issue not decided below. In re McFarland, 619 F. App'x 962, 973 (11th Cir. 2015) ("an argument not raised before

the bankruptcy court will not be considered for the first time on appeal"). Indeed, the portion of the record relied upon by Defendants, in support of their contention that the Trustee unduly delayed seeking the amendment, concerns the bankruptcy court addressing whether the Trustee was diligent in obtaining the new evidence to support relief under Rules 59 or 60. (Tr. at 201, APP 1841, DE 34-30.) In other words, the bankruptcy court never addressed the issue of undue delay under Foman, and this Court will not address it herein.[7]

Based on the foregoing, the Court finds the bankruptcy court's omnibus order dated August 29, 2017 was an abuse of discretion. The Court need not opine on the remaining orders because the proper course is for the bankruptcy court to consider the proposed amended pleading under the proper standard. See Pioneer Metals, Inc., 168 F. App'x at 337.

IV. Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the August 29, 2017 order on appeal of the bankruptcy court is **REVERSED AND REMANDED** for the bankruptcy court to consider the proposed amended pleading under the proper standard. This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of August, 2018.

KENNETH A. MARRA
United States District Judge

---

[7] Likewise, with respect to futility, the bankruptcy court only applied the Rule 15 standard to the negligence claim, and the Trustee is not appealing that portion of the bankruptcy court's ruling.